# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAMALIEL RODRIGUEZ, <br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant | CIVIL NO. 3:13-CV-518 <br><br> (JUDGE NEALON) <br> (MAGISTRATE JUDGE CARLSON) |

FILED
SCRANTON
SEP 1 6 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On February 25, 2013, Plaintiff, Gamaliel Rodriguez, an inmate then confined at the Canaan United States Penitentiary ("USP- Canaan") in Waymart, Pennsylvania filed the above-captioned action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, et seq. and 28 U.S.C. § 2675, et seq.. (Doc. 1). The complaint alleges that Plaintiff contracted food poisoning after eating chicken at USP-Canaan that was tainted with salmonella bacteria. (Id.). Plaintiff's motion for leave to proceed in forma pauperis was granted on February 26, 2013, and a mediator was appointed. (Docs. 6, 8). On May 7, 2013, Plaintiff notified this Court of a change of address to San Benito, Texas. (Doc. 14). On August 7, 2013, Defendant filed a motion to dismiss, asserting that Plaintiff, who had been confined for illegal re-entry, was removed to Mexico on May 29, 2013. (Docs. 17-18). Defendant argues that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with Court orders and to apprise the Court of his current address. (Id.) (alleging that the San Benito address was only temporary).

On August 8, 2013, Magistrate Judge Martin C. Carlson issued an Order directing Plaintiff to file a response to the motion to dismiss on or before August 21, 2013, and advising Plaintiff that his failure to comply may result in dismissal. (Doc. 19). Having received no

response, on August 22, 2013, the Magistrate Judge filed a Report and Recommendation ("R&R") recommending that the action be dismissed. (Doc. 21). No objections have been filed and, for the reasons set forth below, the Report and Recommendation will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

After review, no error is discerned from the R&R and it will be adopted. In the R&R, Magistrate Judge Carlson states that after the complaint was filed, Plaintiff received a copy of this Court's Standing Practice Order, which advised Plaintiff of his obligation to keep the Court fully informed regarding his whereabouts. (Doc. 21), citing (Doc. 5); M.D. Pa. L.R. 83.18

(providing that "[w]henever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address...."). The Magistrate Judge also refers to the Order dated February 26, 2013, that directed all parties to "meet and engage in good faith discussions to determine whether these claims can be resolved." (Doc. 21), citing (Doc. 8). The R&R finds that Defendant is unable to meet with Plaintiff to attempt to mediate his claim because Defendant has no means of contacting Plaintiff. (Doc. 21, p. 4). Magistrate Judge Carlson explains that the Court made an additional effort to inform Plaintiff of his obligations with its Order dated August 8, 2013. (Doc. 21), citing (Doc. 19). The Magistrate Judge concludes that "[P]laintiff's on-going violation of Local Rule 83.18, permits the Court to find that he has abandoned this litigation. In this circumstance, dismissal of this action for failure to abide by Court orders or the Rules of this Court, and failure to prosecute, is fully justified." (Doc. 21) (citing, inter alia, Juaquee v. Pike County Corr. Facility Employees, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013) (Nealon, J.)). After applying the Poulis factors, Magistrate Judge Carlson further determines that dismissal is warranted under Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 21), citing Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Finding no error in the R&R, it will be adopted. Defendant's motion to dismiss will be granted and the complaint will be dismissed.

A separate Order will be issued.

DATE: September 16, 2013  
United States District Judge